UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHAKA JAMAR COLLINS,

    Petitioner,

v.                                        Case No.  5:16cv26/WTH/CJK

WARDEN JOHN PALMER,

    Respondent.
_____/

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition as untimely, providing relevant portions of the state court record.  (Doc. 11).  Petitioner, through counsel, has filed a response stating that "he has found no caselaw nor legal argument to rebut the authority and argument cited by [respondent]."  (Doc. 21).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and

attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner was arrested on June 20, 2009, and charged by amended information filed in Bay County Circuit Court Case No. 2009-CF-1852, with attempted first degree murder of Lashawn Bright (Count I), attempted first degree murder of Nigerian Hill (Count II), burglary of a dwelling with assault or battery of Lashawn Bright with a deadly weapon (Count III), burglary of a dwelling with assault or battery of Nigerian Hill with a deadly weapon (Count IV), sexual battery of Q.B. (Count V), and aggravated battery of Q.B., a pregnant woman (Count VI). (Doc. 11, Ex. B).[1] By orders rendered May 5, 2010, and November 30, 2010, petitioner was adjudged incompetent to proceed and committed to the Florida Department of Children and Families. (Exs. C, D). On June 17, 2011, petitioner was adjudged competent to proceed, and his case was set for trial. (Ex. E).

After a jury trial, petitioner was found guilty of attempted second degree murder of Lashawn Bright, attempted manslaughter of Nigerian Hill, and both counts of burglary of a dwelling with assault or battery or dangerous weapon (Count

---

[1] All references to exhibits are to those provided at Doc. 11.

*Case No. 5:16cv26/WTH/CJK*

III and IV). (Ex. G). Petitioner was found not guilty of Counts V and VI. (*Id*.). At sentencing, upon the parties' stipulation, the court consolidated Counts III and IV into one count of burglary with assault or battery. (Ex. H, pp. 263, 265). Petitioner was adjudicated guilty and sentenced to 15 years imprisonment on the attempted second degree murder, 5 years imprisonment on the attempted manslaughter, and life imprisonment on the burglary with assault or battery, with all counts to be served consecutively. (Exs. H, I). Judgment was rendered November 18, 2011. (Ex. I, p. 164). The Florida First District Court of Appeal (First DCA) affirmed petitioner's judgment and sentences on May 17, 2013, as follows:

> AFFIRMED. *See Jean-Michel v. State*, 96 So. 3d 1043, 1045 (Fla. 4th DCA 2012) (holding that *Graham v. Florida*, 130 S. Ct. 2011 (2010), is clearly limited to minors, and therefore, not applicable to a nineteen-year-old offender).

*Collins v. State*, 147 So. 3d 18 (Fla. 1st DCA 2013) (per curiam) (copy at Ex. P). Petitioner did not seek further review.

On May 12, 2015, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. Q). The state circuit court summarily denied the motion on June 19, 2015. (Ex. R). The First DCA affirmed, per curiam and without a written opinion. *Collins v. State*, 179 So. 3d 321 (Fla. 1st DCA 2015) (Table) (copy at Ex. T). The mandate issued December 29, 2015. (Ex. T).

Petitioner filed his federal habeas petition, *pro se*, on January 26, 2016. (Doc. 1). Counsel for petitioner appeared on July 28, 2016. (Doc. 12). Respondent moves to dismiss the petition as time-barred. (Doc. 11). Petitioner does not dispute the factual or legal basis of respondent's motion. (Doc. 21).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Respondent asserts, and petitioner does not dispute, that the statute of limitations is measured from the date on which petitioner's conviction became final. (Docs. 11, 21). Petitioner's judgment of conviction was affirmed on direct appeal on May 17, 2013. Because the case cited by the First DCA in affirming petitioner's judgment and sentence was not pending review in the Florida Supreme Court, the Florida Supreme Court did not have jurisdiction to review the decision. *See Jollie v. State*, 405 So. 2d 418, 420 (Fla. 1981). Petitioner did not seek certiorari review in the United States Supreme Court. Accordingly, petitioner's conviction became "final" for purposes of § 2244(d) on August 15, 2013, when the ninety-day period for seeking certiorari from the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that the limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) ("We now hold . . . that the entry of judgment, and not the issuance of the mandate, is the event that starts the running of

time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A).").

The limitations period began to run the following day, on August 16, 2013, and expired one year later on August 16, 2014, absent tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period beings to run from the day after the day of the event that triggers the period (applying Fed. R. Civ. P. 6(a)(1))); *McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run). The limitations period was not statutorily tolled, because petitioner had no properly filed applications for state postconviction or other collateral review pending between August 16, 2013, and August 16, 2014. Petitioner's motion for postconviction relief filed on May 12, 2015, did not trigger the tolling benefit of § 2244(d)(2), because it was filed after the limitations period expired. *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas

petition has run." (*citing McCloud supra*, 560 F.3d at 1227, and *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008), *abrogated on other grounds by Wall v. Kholi*, 562 U.S. 545, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011))).

Petitioner's federal habeas petition, filed on January 26, 2016, is untimely. Petitioner does not assert he is entitled to equitable tolling or any exception to the limitations bar. (*See* Doc. 21). Petitioner's failure to timely file his petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning


of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 11) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Shaka Jamar Collins*, Bay County Circuit Court Case No. 09-CF-1852, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 6th day of February, 2017.

*/s/* **Charles J. Kahn, Jr.**
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.